UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM LOMAKA,

02 - 7 4 3 2 7

Plaintiff,

[ARTHUR J. TARNOW

vs

ROCHESTER COMMUNITY SCHOOL BOARD OF MAGISTRATE JUDGE MORGAN
EDUCATION, DARLENE JANULIS, MICHELLE SHEPHERD,
IRENE CONNORS, JEFF RUSSELL, BARB CENKO,
GOPALA GARNEPUDI, TIM GREIMEL,  DR. JOHN M. SCHULTZ,
DR. MINNIE PHILLIPS, JOSEPH BENNETT AND POLLARD,
ALBERTSON, NYOVICH & HIGDON, P.C., jointly and severally,

Defendants.

POTTER, DeAGOSTINO, CAMPBELL & O'DEA
THOMAS M. DeAGOSTINO (P34384) ✓
KELLY P. O'DEA (P23213) ✓
Attorney for Plaintiff
2701 Cambridge Court, Ste. 223
Auburn Hills, MI  48326
(248) 377-1700

There is no other civil action between the parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## PLAINTIFF'S VERIFIED COMPLAINT

Plaintiff, WILLIAM LOMAKA, by and through his attorneys, POTTER,

DeAGOSTINO, CAMPBELL & O'DEA, hereby represent:

1

## JURISDICTION

1.      This is a civil action seeking damages against Defendants for committing acts under color of law and depriving Plaintiff of rights secured by the Constitution and laws of the United States.  Defendants, Rochester Community School Board of Education (School Board), and its individual members, Darlene Janulis, Michelle Shepherd, Irene Connors, Jeff Russell, Barb Cenko, Gopala Garnepudi and Tim Greimel, together with Dr. John Schultz and Minnie Phillips, deprived Plaintiff of his property interest in a public education without due process of law, thereby depriving Plaintiff of his rights, privileges and immunities as guaranteed by the Fourteenth Amendment to the Constitution of the United States.  The Court has jurisdiction of this action 42 U.S.C. §1981, 42 U.S.C. §1983 and under 28 U.S.C. §1343.

2.      The jurisdiction of this Court is further invoked pursuant to 28 U.S.C. §1331.

3.      Plaintiff is a citizen and a resident of the State of Michigan and a citizen of the United States.

4.      The Defendants, Darlene Janulis, Michelle Shepherd, Irene Connors, Jeff Russell, Barb Cenko, Gopala Garnepudi and Tim Greimel at all times material to this complaint were duly elected members of the School Board.

5.      The Defendants, Dr. John Schultz, Superintendent of Rochester Community Schools and Dr. Minnie Phillips, Assistant Superintendent at all times material to this complaint were employees of the Rochester Community Schools.

6.      The Defendant, Joseph Bennett is an employee of and at all times material to this complaint was acting within the scope of his employment with Pollard, Albertson, Nyovich & Higdon, P.C.

2

7.    At all times material to this Complaint, these Defendants acted toward Plaintiff under color of the statutes, ordinances, customs and usage of the State of Michigan and the School Board's Code of Student Responsibility.

8.    Plaintiff sues the Defendants in their respective individual capacities.

9.    Plaintiff invokes the pendant jurisdiction of this Court for his state law claims.

## COMMON ALLEGATIONS

10.    Plaintiff adopts and incorporates paragraphs 1 through 9 above as though fully set forth herein.

11.    Prior to the occurrences complained of herein, Plaintiff deservedly enjoyed and held the good opinion, credit and esteem of his friends, neighbors and associates.  Plaintiff has maintained perfect attendance since the 5th grade, has never been disciplined as a student or otherwise and currently is an eagle scout candidate.  Plaintiff at all relevant times was/is a senior with a 3.3 GPA at Rochester High School, 3.5 credits short of graduating.

12.    On or about September 24, 2002, Plaintiff was permanently expelled from the Rochester School District, together with all other Michigan Public Schools after school officials found a knife in a closed sheath in the center console of Plaintiff's locked motor vehicle in the Rochester High School parking lot.

13.    Upon information and belief, the school administration relied upon the provisions of MCLA 380.1311(2) which states in pertinent part:

> (2)    If a pupil possesses in a weapon free school zone a weapon that constitutes a dangerous weapon, commits arson in a school building or on school grounds, or commits criminal sexual conduct in a school building or on school grounds, the school board, or the designee of the school board as described in subsection (1) on behalf of the school board, shall expel the pupil form the school district permanently, subject to possible reinstatement under

subsection (5). However, a school board is not required to expel a pupil for possessing a weapon if the pupil establishes in a clear and convincing manner at least 1 of the following:

  (a)   The object or instrument possessed by the pupil was not possessed by the pupil for use as a weapon, or for direct or indirect delivery to another person for use as a weapon.

  (b)   The weapon was not knowingly possessed by the pupil.

  (c)   The pupil did not know or have reason to know that the object or instrument possessed by the pupil constituted a dangerous weapon.

  (d)   The weapon was possessed by the pupil at the suggestion, request, or direction of, or with the express permission of, school or police authorities. (emphasis added)

and Section F-1 of the Student Code as the basis for Plaintiff's expulsion.

14.    MCLA 380.1311(2) contains an applicable exception to the mandatory expulsion proccessions.

15.    Pursuant to his Fourteenth amendment right to due process and the relevant provisions of the School Board's Code of Student Responsibility, William Lomaka sought an intermediate appeal to the Superintendent's designee, Defendant, Dr. Minnie Phillips, seeking to demonstrate that he did not "knowingly possess" the knife found on school property.

16.    On or about Wednesday, October 7, 2002 at approximately 1:00 o'clock in the afternoon, Plaintiff, Plaintiff's counsel, Plaintiff's parents and Plaintiff's Uncle were prepared to meet with the superintendent's designee, Defendant, Dr. Minnie Phillips, in order to pursue the intermediate appeal.

17.    Upon arriving at the Rochester Community School Board building, Plaintiff discovered that Dr. Phillips was in consultation with Joseph Bennett. Mr. Bennett subsequently advised Plaintiff that there was no way that Plaintiff would ever convince Defendant, Dr. Minnie Phillips that he didn't knowingly possess the weapon. Plaintiff was

4

advised that he could waive the intermediate appeal and go directly to the Rochester Community School Board of Education, which was set to meet on Monday, October 7, 2002.

18.     Upon learning that he would not be given a fair and unbiased opportunity to present evidence in support of his claim that he did not knowingly possess the weapon, Plaintiff took the only alternative and sought an appeal directly to the Defendant, School Board.

19.     On or about October 7, 2002, Plaintiff, Plaintiff's counsel, Plaintiff's parents, Plaintiff's Uncle and over 200 members of the community appeared before the Defendant School Board to present evidence in support of his claim that he did not knowingly possess the knife.

20.     Plaintiff submitted the attached Exhibit "A" as part of his proofs.

21.     Upon information and belief and unbeknownst to the Plaintiff, some or all of the Defendant members of the School Board met in advance of the hearing to discuss the facts and circumstances surrounding the incident, the procedures and protocol, the school's policy regarding zero tolerance and other issues.

22.     Upon information and belief, the Defendant, Joseph Bennett met with some or all of the members of the School Board prior to the subject hearing to provide them with legal advice and opinions regarding the facts and circumstances surrounding the subject incident, statutory interpretation and other issues.

23.     Prior to the subject board meeting, Joseph Bennett sent to counsel for the Plaintiff, a proposed Resolution to be voted upon by the School Board. The tenor of which

5

indicates a predetermined decision to uphold the expulsion. A copy of the proposed Resolution is attached as Exhibit "B".

24.     Upon information and belief, after consulting with some or all members of the School Board about the facts and circumstances surrounding Plaintiff's expulsion, Defendant Joseph Bennett then undertook to represent the school administration in presenting their case to the School Board in support of Plaintiff's permanent expulsion.

25.     Prior to the presentation of evidence before the School Board on October 7, 2002, counsel for the Plaintiff attempted to illicit from each member of the board, an affirmation that they had not yet previously met to discuss the case, that they had not reached any conclusions and that they would maintain an open mind and listen to the evidence presented before drawing any conclusions regarding the Plaintiff's claims that he did not knowingly possess the knife since this was to be a "De Novo" hearing.

26.     The Defendant, Darlene Janulis, President of the School Board, after consulting with Defendant, Dr. John Schultz,  refused to allow the individual board members to make such an affirmation.

27.     Prior to the commencement of the proceedings on October 7, 2002, Plaintiff's counsel was presented with a recommendation from the Defendant, Dr. Minnie Phillips supporting the administration's decision to permanently expel the Plaintiff.

28.     Plaintiff's counsel objected to the introduction of such evidence since the Plaintiff had waived the intermediate appeal before the superintendent's designee and the Defendant, Dr. Minnie Phillips, did not hear any evidence or have any basis upon which to make such a recommendation in violation of the Plaintiff's due process rights.

6

POTTER, DeAGOSTINO, CAMPBELL & ODEA

29.     Prior to the commencement of the proceedings, Plaintiff's counsel had requested that the Defendant, Joseph Bennett, provide Plaintiff's counsel with copies of notes surrounding the investigation undertaken by the school administrators prior to the expulsion of the Plaintiff. See attached Exhibit "C".

30.     The Defendant, Joseph Bennett, refused to produce the documents requested claiming that the school board would not rely upon anything other than the written reports submitted to the School Board.  See attached Exhibit "D".

31.     During the course of the proceeding, the Defendant, Joseph Bennett, elicited testimony from the school administrators including without limitation, Don May, Charles May and Charles Rowland, III, regarding facts and circumstances of their investigation that were not included within the reports they submitted to the school board, but which may have arguably been contained within the written notes of their investigation thereby denying Plaintiff a fair opportunity to cross-examine the witnesses, to challenge their credibility and to support his defense.

32.     The Defendant, School Board recorded the entire proceeding on audio tape but did not undertake to obtain or provide a stenographer in order to provide an accurate record of the proceedings.

33.     At the conclusion of the proceedings, the Defendant Board Members didn't pause a moment to deliberate collectively on the evidence produced during the proceeding. Instead, President Janulis read from the "Board of Education Rochester Community Schools Resolution", prepared in advance of the proceedings.  A copy of which is attached as Exhibit "B", and immediately sought a vote for or against the resolution.

7

34.    The Resolution passed 7 in favor, 0 opposed.  See attached Exhibit "E".

35.    Immediately following the vote on the Resolution, Defendant Janulis again read from another prepared document indicating that the Rochester School Board of Education would undertake to assist Plaintiff in obtaining a Rochester Diploma if he were able to obtain class credits outside of the public school system.

36.    After the conclusion of the proofs and the vote on the Resolution, President Janulis expressed her belief that the Board of Education was without any discretion and was required by law to permanently expel the Plaintiff in spite of the existence of at least four exceptions to the mandatory expulsion requirement contained in MCLA 380.1311(2).

37.    Subsequent to the proceedings, counsel for Plaintiff requested a duplicate copy of the audio tapes so that they might be transcribed.  See attached Exhibit "F".

38.    The Defendant, Joseph Bennett, again refused to produce the subject tapes indicating there was no obligation to do so. See attached Exhibit "G".

## COUNT I

### DENIAL OF DUE PROCESS

39.    Plaintiff adopts and incorporates paragraphs 1 through 38 above as though fully set forth herein.

40.    By virtue of his enrollment in the Rochester High School, Plaintiff has constitutionally cognizable property rights in a public education.

41.    Prior to the deprivation of such a property interest, Plaintiff must be provided due process which includes, without limitation, a meaningful opportunity to be heard before an impartial panel with the right to cross examine witnesses, the disclosure of relevant

8

documentation created contemporaneously with any ongoing investigation and the right to confront his accusers.

42.      The Defendants intentionally or with deliberate indifference and callus disregard of Plaintiff's rights, deprived him of his property right to a public education without due process of law in violation of the Fourteenth Amendment of the Constitution of the United States and 42 USC §1983.

43.      As a direct consequence of the results of the Defendants hereinabove complained of, Plaintiff was deprived of his constitutional property rights in a public education, has suffered anxiety and distress, discomfort and embarrassment. He has suffered damage to his reputation. He has been deprived of the opportunity to participate in memorable senior year activities including without limitation, homecoming, band festival, football games, his senior prom and, more importantly, his graduation commencement. He has been required to spend substantial sums of money and time in defending himself against these charges.

44.      The Defendants actions in rejecting Plaintiff's evidence was arbitrary, capricious and unjustified.

WHEREFORE, the Plaintiff, WILLIAM LOMAKA, demands judgment against the Defendants for compensatory damages in whatever amount a jury finds necessary. Plaintiff further demands judgment against each Defendant for punitive damages in whatever amount the jury finds necessary plus the cost of this action, attorney fees and equitable relief included without limitation a permanent injunction enjoining the Defendants from expelling the

9

Plaintiff during his senior year at Rochester High School or any other State Public School, together with any other relief this court deems fit, proper and equitable.

## COUNT II

### STATE LAW CLAIMS - CIVIL CONSPIRACY/CONCERT OF ACTION

45.   Plaintiff adopts and incorporates paragraphs 1 through 44 above as though fully set forth herein.

46.   The Defendants acting together conspired and colluded in an effort to interfere with and/or deny Plaintiff his constitutionally protected property interest in a public education and appropriate due process during administrative appeals.

WHEREFORE, the Plaintiff, WILLIAM LOMAKA, demands judgment against the Defendants for compensatory damages in whatever amount a jury finds necessary.  Plaintiff further demands judgment against each Defendant for punitive damages in whatever amount the jury finds necessary plus the cost of this action, attorney fees and equitable relief included without limitation a permanent injunction enjoining the Defendants from expelling the Plaintiff during his senior year at Rochester High School or any other State Public School, together with any other relief this court deems fit, proper and equitable.

POTTER, DeAGOSTINO,
CAMPBELL & O'DEA

Dated: October 30, 2002

By: _____
THOMAS M. DeAGOSTINO (P34384)
Attorney for Plaintiff
2701 Cambridge Ct., Ste. 223
Auburn Hills, MI 48326
(248)377-1700

10

William Lomaka, being first duly sworn deposes and states that he is the Plaintiff in this matter and that all statements in this Complaint are true except for those allegations which are made upon information and belief, and as to those allegations, the undersigned believes them to be true.

*William Lomaka*
WILLIAM LOMAKA

Subscribed and sworn to before me
this 30th day of October, 2002.

*Lisa A. Berard*
LISA A. BERARD, Notary Public
Oakland County, Michigan
My Commission Expires: 2/14/05

**JURY DEMAND**

NOW COMES Plaintiff, WILLIAM LOMAKA, by and through his attorneys,

POTTER, DeAGOSTINO, CAMPBELL & O'DEA and hereby demands a trial by jury of the

entitled matter.

POTTER, DeAGOSTINO,
CAMPBELL & O'DEA

Dated: October 30, 2002

By: *Thomas M. DeAgostino*
THOMAS M. DeAGOSTINO (P34384)
Attorney for Plaintiff
2701 Cambridge Ct., Ste. 223
Auburn Hills, MI 48326
(248)377-1700

*POTTER, DeAGOSTINO, CAMPBELL & O'DEA*

11

September 28, 2002

Dear Dr. Schultz,

This letter is being written on behalf of many classmates and friends of William Lomaka. As you probably already know, Will was expelled from our school for having a knife in his car on school property. Under the circumstances those in support of Will believe that it is not fair to expel him.

A completely bogus and false rumor that was going around the school led to something that could damage Will's life forever. Will does not deserve this at all. He is a good student who is very kind, caring and trustworthy. Will is actively involved in Boy Scouts and band. There are no previous infractions on his record and up until last week he had perfect attendance. A clean past record should count for something. Those who know anything about Will, knows that he is not now and never will be a threat at all. Will would never hurt anyone. He is a nice guy who just got caught up in a bad coincidence.

What is this world coming to if a good kid who unknowingly slipped up on a rule and was caught only because of an untrue rumor, is expelled from his senior year of high school and has his life messed up in a matter of days? Yet still scattered in the hallways of RHS are kids who have done much worse and get away with it. Most also have previous infractions on their records. Those are the ones who should have their cars searched and be removed from our school. They are more of a threat than someone who has never done anything wrong and just happens to have a knife that he forgot about buried in his car.

Much more dangerous things have happened in our school and only suspensions are given. For example, if two students get in a fight, they put in danger and could possible injure themselves, other surrounding students and staff that come to break the fight up. After endangering that many people, the students are suspended and back in our school a mere five days later. Will did not put in danger or hurt anyone around him and he was never a threat to our school. He does not at all deserve the punishment of expulsion that was given to him.

Please consider all this and these signatures of support when making your decision. It is not right for Will to be expelled and have his life messed up considering the circumstances of this particular situation.

Signed,

Megan Thoma
Student at Rochester High School
On behalf of friends and supporters of William Lomaka

# In support of William Lomaka:

*[Page of handwritten signatures]*

- Jessica Morgan
- KRHISSY COJOCARI!!!!!
- Jaina Larkin
- Kelly Capellari
- Justine Collins
- Amber Phillips
- Susan Palazzo
- Raphael Maier
- Allie McDougaue
- Tyler Piersma
- Nate Russell
- Ben Stange
- Laura Coplen
- Kottie Gaydos
- Ben Weber
- Brian Smith.
- Bill Ritchie
- Lindsey Warner
- Alex Douglass

Right column:
- Sarah R. Waase
- Cecilia Dunn
- Matt Beyer
- Jason
- Carol Beth Steiner
- Catherine Wilson
- Chris
- Kelly Capellari
- Tanvi Singh
- John Githarai
- Mary E. Junyak
- Amy Garrett
- Patricia Kota
- Greg Platter
- Laura Rozytek

## In support of William Lomaka:

*(Signatures)*

Joann Miller

Sahar Enamfakhsh

Keith Walters

Jichara Sorrell

Anne Leisure

Ruth Kuo

Kim Komer

Kelly Johnson

Joey Hussey

Kyle Herbon

Amy

Tim Boman

Kim Benk

Kate Broderick

Becky Burlingdura

Dan Zech

Ben Weber

Meghan Schueler

Nichole Czerwinski

Liz Bammel

Andrew Ivanov

Tara Humphreys

Kaitlin Lamont

Emily

Danielle Forney

Shelly Moher

Nozomi Watanabe

Kristen Tranchida

Jennifer Wang

Chris Rivers

(attached to letter to John Schultz; Rochester Community Schools Superintendent)

## In support of William Lomaka:

*[A page of handwritten signatures. Some legible readings below:]*

Megan Smith      Katie Lane

Gary Brown      Andrew Williams

Maho Nelino

Chelsea Terry      Kathy Hou

Jessica Hamling

Shannon Mastrulla

Mark Wolfson

Alaina Mastromatteo      Stefan J. Zigurd

Dan Hill

Patrick O'Brien      Scott Meyers

Katie Scanlan      Sarah Casing

Alex Cobb      Christian Obermanns

Bill Haliburton      Ryan Loren

Tim Wilson

Jason Harrison

Mark Granbury

Laura Dyspine

Krista Fowler

Jessie Liang      Vanessa Zwegers

Melissa Ng      Nate Ciles

Kristin Herderich

Megan Nattrass

**(attached to letter to John Schultz; Rochester Community Schools Superintendent)**

# In support of William Lomaka:

Anita Liu

Chantalla Brill

Craig Moulton

Michelle McClellan

Celia Armstrong

Jessica Coper

Julio Dominguez

@ *(signature)*

*(signature)*

Alondra Wolff

Ileene Aliudashti

Ashley Brehm

Liz Dausser

Andrew Cherry

matt Moll

Lauren Burrell

Dustin 3rd

Chirae Amin

Melissa Lewis

*(signature)*

Sandy Zito

Melinda McCormack

Rachel Miegro

*(signature)*

Allison Sheeties

Kendra Dugey

Caitlan Noël

*(signature)*

Alex        Garnepudi

Marianne Bentley

megan DeRubeis

Brandon Stage

Reed Berner

Brandon Roy

John Bonk

Amanda Davis

LAURYN KOME

Scott Dosson

*(signature)*

*(signature)*

(attached to letter to John Schultz; Rochester Community Schools Superintendent)

# In support of William Lomaka:

Kendall Morris

Kelsey McRee

Nathan Cosgro

Ben

Natti Thornton

Sara

Chris Goebbel

David

Jenna McLean

Amanda Yeung

Laura

Austen Bradford

Tim Martin

Alex

Daniel Kruse

Sarah Kairis

Chelsea Terry

Dave Smick

Britney

Dustin Gallett

Christina Bronsky

Amanda

Delena Peña

Lauren Dale

Rich Monaghan

Grant Watkins

Danny

Paul

Kevin Reinhart

Adam

Tony Matson

Sherm Myer

Brandon

Adam Schroeder

Jonathan Wong

Ashley DeRemer

Chris Sands

SHEENA DHAMSANIA
YOU KICK ASS!

Tabitha Berry

Kara Pedersen

Ashley Booth

(attached to letter to John Schultz; Rochester Community Schools Superintendent)

## In support of William Lomaka:



(attached to letter to John Schultz; Rochester Community Schools Superintendent)

## In support of William Lomaka:

Nick Carbini

Brian LePas -

Corey Pavlik

Ashley Timpner

Blair Fletcher

Alex Para

Jonathon Payne

Zack Hnya

Kristen M. Mosl

Holley Mahoney

Grant Andrews

Maggie

Cadence

Line

Marde Stetson

Kristen Stebbins

Bobby Jokisch

Anjea Alex

Jack Pirot

Sabrina Oney

Abby Long

Kendall L.

Intani Martin

Ryan Falconer

Eamara Martin

Justine Grace

Leigh Milburt

elisha Crivella

Marissa Winterniantle

Bryan Fugate

Heather Dwyer

Adrienne Szymanski

Reid Sorda

Sara Fisk

Janelle Bertolino

Thomas Bryant

Lauren Brashear

Brett Anderson

Brut Burnet

Avrell Adams

Mark Crockett

Jaime Nelson

Andrew Rose

Matt Flores

Natasha TrKg

Keith King

Matt Renec

asif Khan

Elona

Irina Catanescu

Chen Zhang

Joseph Wells

Oya Nakaghina

Paul J. Beckman

Kathy Jui

Beth Terry

(attached to letter to John Schultz; Rochester Community Schools Superintendent)

# In support of William Lomaka:

Vicky Schmidt

Annie Jarvaiski

Lauren Perry

Nathan Krieg

Curtis Smith

Dave Maier

Sean Bradford

Donald Edwardette

lee thomson

Andy Kopitz

Juan José _____

Yang Chen

Ryan Rybarczyk

Ania Cunningham

Tiffany Berry

Niall Paver

Gloria Laco

Neilly Cuchmere

Marin Moss

Mohammed Nercen

Sarah Greenbaum

Andy _____

Philip _____

Sarah _____

Rachal Snider

Diane Stanley

Kaitlyn Yesrupsky

Rachel McDougall

Mary Glidewell

Brett _____

Sara Seitz

Tiffany _____

Heidi Hawkins

John Unkart

Pauline Rozumny

Mike Marshall

Christina Koster

Diane C. Cervone

Heather Dilley

(attached to letter to John Schultz; Rochester Community Schools Superintendent)

# In support of William Lomaka:

*[handwritten signatures:]*

Catherine G. Haas

*[signature]*

*[signature]*

Laura Fingerle

Bob Yesh

Pan Blair

(attached to letter to John Schultz; Rochester Community Schools Superintendent)



**University Hills Elementary School**
**600 Croydon**
**Rochester Hills, MI 48309**

June 17, 2002

To Whom It May Concern:

It is with great pleasure that I write this letter of recommendation for
William Lomaka as an Eagle Scout Candidate. William is a former student of
mine and has worked extensively with our Expectation Committee on the
rebuilding of our Nature Center at University Hills.

William has proven himself to be a reliable, responsible, and respectful
citizen. Through his meetings with staff and students, he has set a fine
example and served as a role model for the University Hills community.
William organized, developed, and carried out a plan to renovate our Nature
Center. The University Hills Nature Center has been refurbished, new
fences and a bridge have been built and wood chip trails have been put into
place. It has become a beautiful haven for our families to visit. We have
William Lomaka to thank for his hard work, thriftiness and helpful manner.

William is an honorable, courteous, and kind human being. Through his
guidance, our students were able to realize the importance of protecting our
environment and respecting nature.

His commitment to the ideals of the Scout Oath and Law are demonstrated
through his actions and dealings with others. William Lomaka is an excellent
candidate for the Eagle Award. I recommend him without reservation!

Sincerely,

Amy Grande
Principal at University Hills

2685 Munster Drive
Rochester Hills, MI 48309

September 25, 2002

To Whom It May Concern:

I am writing on behalf of William Lomaka. William has been an active member of the Rochester High School Bands for all four years at Rochester High School. He has been a studious and conscientious band member in my classes and ensembles. In recognition of his leadership qualities, he was selected as a Squad Leader for the Falcon Marching Band for the 2002 season. He has done an excellent job as a student leader.

William is one of my most outstanding band members. He constantly asks good questions about how things should be done, and is one of those students who instinctively sees what needs to be done, then volunteers to get it done. He has given help above and beyond the call of duty on numerous occasions. He is unfailingly polite, well-mannered, and considerate of others. I also note that he is a candidate for the rank of Eagle Scout in the Boy Scouts of America. This honor will place him in very select company, including a significant number of our military academy students, many of our astronauts, a large number of Fortune 500 CEO's, and former President Gerald R. Ford. William's conduct and demeanor have always and consistently marked him as one deserving of this honor.

I am personally dismayed that a single act of omission will derail the life of one of our very best members of the Class of 2003 at Rochester High School. I do not see justice being served in this circumstance. I urge those who read this letter to do everything in their power to retain William Lomaka's status as a student at Rochester High School. If you desire further information, please do not hesitate to call me at 248-726-5400 (school) or 248-375-2381 (home).

Sincerely yours,

August J. Thoma
Director of Bands, Rochester High School
Lecturer in Music, Oakland University

**lomaka**

| | |
|---|---|
| **rom:** | "Joseph Mikula" <jmikula@rochester.k12.mi.us> |
| **o:** | <glomaka@comcast.net> |
| **ent:** | Thursday, September 26, 2002 9:30 AM |
| **iubject:** | Re: William Lomaka |

Hello Gloria ~ I would like to respond to your e-mail request today, as
per a character reference for William Lomaka. For five weeks, now, I
have gotten to know William as a student in vertebrate zoology at
Rochester High School. He is a diligent student, having begun study on
the shark and beginning to raise Japanese quail.

William and I have talked, briefly, regarding his boy scouting
experiences, plus academic and career plans for the present and future.
I believe William demonstrates strong positive character. He has helped
organize class activities, has participated in class discussions, and
has shared his desire to complete his high school career and move-on
with forestry studies. As an eagle scout myself, I can identify
individuals with strong character, and William has consistently
impressed me.

I hope this reference serves a positive purpose!

Respectfully ~ Randy Mikula

mail. Sincerely, Gloria Lomaka

Sept 25, 2002

To Whom it may Concerned :

This is in regards to William Lomaka. A very kind, polite, & very respectable young man.
Has a perfect attendance record in school.
Has enjoyed Boy Scouts for years & soon will be an Eagel Scout. Think of it How many Boys now adays carry scouting that far.
He is in the High School Band & has his own squad. He shows good leadership & is well liked by the other students in the Band
Here is a fine respectable Young Man, doesn't do Drugs nor smoke or dunk alcohol.

Sincerly
Patricia Eldridge

Avon Burger King
2975 Walton Blvd.
Rochester, MI 48309

To Whom it may Concern,

     I am the Restaurant Manager of the Avon Burger King. We have employed William Lomaka for some time now, and have been extremely pleased with his performance. Not only is he punctual and dependable, but he is a joy to work with. He has taken on the responsibility of learning every position and every facet of the store without even having to be asked. Will brings to work a positive attitude, a professional image, and a natural ability to get along with the people that he works with. In a small amount of time, Will has become a member of the crew whom we have consistently relied on to train new employees. He has taken on this job with comfort and ease. He would be an asset to any group, for he can easily act as a leader but continues to be a team player. His strong work ethic and energetic spirit make our work environment much more enjoyable. Anyone would be thrilled to have an employee with such determination, who we can always count on to help.

     Sincerely,

     Mary Anne McDevitt

William Vibbert
26 Foxboro Dr
Rochester Hills, MI. 48309

September 29, 2002

John M. Schultz, ED.D
Superintendent

Dear Dr. Schultz,

It has come to my attention that Will Lomaka was expelled from Rochester High School. I am writing this letter hoping this action will be reconsidered resulting in his reinstatement to Rochester High School. This young man has been an outstanding contributor to our community. This action, if upheld, will not serve in the best interests of Rochester High School or the community.

I feel I am in a unique position to judge the character of this young man because I have been a witness to his growth as a Boy Scout. He has served in many leadership positions in Boy Scout Troop 188, Clinton Valley Council, which is sponsored by University Presbyterian Church. I am currently serving as Troop Committee Chairperson.

Will has served in many leadership positions, including Senior Patrol Leader, which is an elected position by the boys in the troop. I have been with Will on countless camp outs and community service projects, watching him develop into a very effective leader who handles difficult situations between boys and adults with maturity.

In the summer of 2001, Will served as the Crew Leader on our Troop's High Adventure Trip to Philmont Boy Scout Ranch in New Mexico, in which I was an adult advisor. This type of trip tests the toughest among us (adults and youth) in many ways, not just physically, but emotionally; he passed this test. This challenging 60-mile hike into the mountains, allowed me to observe his responses to many conditions and situations, demonstrating his truly good nature and character.

In the spring of 2002, I worked side-by-side with him as he restored University Hills School Nature Center for his Eagle Service Project. He again demonstrated patience and leadership beyond his years working and coordinating adults and youth as he completed this service project for the school.

Please reconsider his expulsion in which I hope will result in his full reinstatement to Rochester High School, because I believe, he is a very responsible, mature young man.

Sincerely,

William Vibbert

Mr. Don May                                    09/27/02
Principal
Rochester High School

Dear Don
      Over the past thirty-two years I have
known and highly regarded my next-door
neighbors, the Tomakas. They have always
been special people whom you could
believe and trust — people of integrity.
      When I heard a few days ago about the
problem William is presently involved in
it seemed like an impossibility. This is a
boy who is known for doing everything
correctly; good student, outstanding band
member, soon-to-be Eagle Scout, always a
willing helper for anyone in need. So many
times William has volunteered to shovel snow,
cut grass, or assist in any way when he was
needed. I have always regarded him as an
example of a fine young man.
      It is, therefore, my purpose to beg for compassion
for this young man whom I have grown to
appreciate. If special consideration is ever warranted
this is certainly the time to allow compassion
and understanding to rule the situation

                              Very Sincerely
                              Frank O'Donnell

Joseph and Marianne Juliano
2297 Bunker Hill Rd
Rochester Hills, MI 48309
(248)375-1993

To whom it may concern,                                    09/28/02

    I am William Lomaka's neighbor and have known him since he was eight years old. I have three children who are younger than him. My children have lookup to William as a mentor and I have encouraged them to do that. William is a very responsible seventeen year old. We have other high school children who live in the neighborhood and if I need help with anything I would call William before of the others. Mainly, because I trust him and I know the job will get done properly. William's parents are raising a very responsible child and making sure he is brought up with the proper values. They have taught him that there are consequences for your actions. William is a very honest person. I enjoy talking to William and I am able to talk with him on an intellectual and mature level. I know his involvement with Boy Scouts has also taught him to be responsible and honest.

    This situation that William is going through right now is going to affect and possibly change his outlook on life. Honesty is a very important to William because he has been raised to be honest and responsible. William I know is confused by what has been happening to him as well as I am. Please look at William for what he is about and ask yourself could he or would he threaten anybody. I am writing this letter to let you know William is a very responsible and honest person and I know he would not threaten or harm another person.

Sincerely,

*Marianne Juliano*

Marianne Juliano

October 2, 2002

Dr. John Schultz
Rochester Community Schools

Rochester, Michigan  48307

Re:   William Lomaka

Dear Dr. Schultz:

The Boy Scouts of Troop 360 are greatly concerned to learn that a student, and Boy Scout, William Lomaka, has been suspended for having a piece of equipment needed for a Boy Scout activity, not on him, but in his car.  Having a pocketknife in Boy Scouts is no different than having a pencil in school. Different after-school activities require different pieces of equipment not intended for harm.  As Boy Scouts, we have to first be trained on how to safely use a knife, then, we must demonstrate the proper use of a knife, before we can receive our "Toten' Chit" card.  The Toten' Chit certifies that we have learned how to safely use and handle a knife according to Boy Scout regulations.

William is in a great organization that does not promote anger or injury towards others.  Although we do not know the reason that the knife was in his car, we feel that if Will had this knife in his possession as a result of a Boy Scout activity, he does not deserve a suspension.  If this suspension is allowed to continue, it may destroy a future Eagle Scout and leader in our community.  We know Will's training has taught him never to hurt anyone or get revenge because that's not what Boy Scouts are taught.

Dr. Schultz, we are asking that you please take into consideration that this was not just any student.  Will is a Boy Scout, with high morals.  He has demonstrated that he is trustworthy, loyal, helpful, friendly, courteous, kind, obedient, cheerful, thrifty, brave, clean, and reverent.

We are confident and appreciative that you will take these thoughts into consideration when making your decision.

Sincerely,

Eugene J. Zwolak
Scoutmaster Troop 360

Matt Berard
Senior Patrol Leader

# ROCHESTER HIGH SCHOOL  ACCREDITED BY THE NORTH CENTRAL ASSOCIATION OF COLLEGES AND SCHOOLS

180 S. Livernois Road · Rochester Hills. Michigan 48307 · (248) 651-5590 · FAX (248) 650-5724
Donald G. May, Principal

June 9, 1999

The staff of Rochester High School takes great pleasure in recognizing you on your outstanding attendance record for the 1999-2000 school year.

This attendance record reflects your dependability. You are also fortunate in enjoying good health, which makes this unusually good attendance possible.

This record will be placed in your permanent file. It will remain there as a source of pride to you and as invaluable evidence of your character.

Accept our congratulations and hope that this characteristic and continued good health will remain with you in all your future endeavors.

Respectfully,

Donald G. May
Principal

Robert Clark
Assistant Principal

Ilene Ingram
Assistant Principal

Margaret L. Nordrum
Assistant Principal

Cheryl A. Tocco
Assistant Principal

# ROCHESTER HIGH SCHOOL

ACCREDITED BY THE NORTH CENTRAL ASSOCIATION OF COLLEGES AND SCHOOLS

180 S. Livernois Road, Rochester Hills, Michigan 48307 • (248) 651-5590 • FAX (248) 650-5724
Donald G. May, Principal

June 13, 2001

The staff of Rochester High School takes great pleasure in recognizing you on your outstanding attendance record for the 2000-2001 school year.

This attendance record reflects your dependability. You are also fortunate in enjoying good health, which makes this unusually good attendance possible.

This record will be placed in your permanent file. It will remain there as a source of pride to you and as invaluable evidence of your character.

Accept our congratulations and hope that this characteristic and continued good health will remain with you in all your future endeavors.

Respectfully,

Donald G. May
Principal

Robert Clark
Assistant Principal

Ilene Ingram
Assistant Principal

Margaret L. Nordrum
Assistant Principal

Cheryl A. Tocco
Assistant Principal



This is to Certify that

# ATTENDANCE

William J. Lomaka

Has maintained a record of outstanding attendance during the

School year 2001 – 2002

In recognition of this worthy record, this

# CERTIFICATE

Is given at Rochester High School, this 14th day of June, 2002

_____

PRINCIPAL

# ATTENDANCE

This is to Certify that

WILLIAM J.   LONAKA

has maintained a record of outstanding attendance during the

school year 2000 - 2001

In recognition of this worthy record, this

## Certificate

Is given at Rochester High School, this 13th day of June, 2001



Ronald H. May

PRINCIPAL

# ATTENDANCE

This is to Certify that

William J. Lomaka

has maintained a record of outstanding attendance during the

school year 1999 - 2000

In recognition of this worthy record, this

# Certificate

Is given at Rochester High School, this 9th day of June, 2000



# Rochester High School
## Honor Roll Pin
### Awarded to

**WILLIAM LOMAKA**

for high academic achievement throughout the entire school year

1999-2000
School Year

Principal



# ROCHESTER HIGH SCHOOL

ACCREDITED BY THE NORTH CENTRAL ASSOCIATION OF COLLEGES AND SCHOOLS

575 Tienken Road, Rochester Hills, Michigan 48306  •(248) 651-5590  • FAX  (248) 650-5724
Donald G. May, Principal

June 14, 2002

The staff of Rochester High School takes great pleasure in recognizing you on your outstanding attendance record for the 2001-2002 school year.  This attendance record reflects your dependability.  You are also fortunate in enjoying good health, which makes this unusually good attendance possible.  This record will be placed in your permanent file.  It will remain there as a source of pride to you and as invaluable evidence of your character.

Accept our congratulations and hope that this characteristic and continued good health will remain with you in all your future endeavors.

Respectfully,

Donald G. May
Principal

Robert Clark
Assistant Principal

Linda Crowell
Assistant Principal

Chuck May
Assistant Principal

Ilene Ingram
Assistant Principal

# WEST MIDDLE SCHOOL

## CERTIFICATE OF AWARD

### THIS CERTIFIES THAT

## WILLIAM LOMAKA

has earned special recognition and is hereby granted this Certificate of Award for

## *Outstanding Academic Achievement*

In Witness Whereof our signatures are hereto affixed

Given this 27th day of May, nineteen hundred and ninety-nine.

Pamela Lexperance Principal

Counselor

# WEST MIDDLE SCHOOL

## CERTIFICATE OF AWARD

THIS CERTIFIES THAT

*William Lonnaka*

*8th Grade*

has earned special recognition and is hereby granted this Certificate of Award for

## Perfect Attendance

In Witness Whereof our signatures are hereto affixed

Given June, nineteen hundred and ninety-nine.

Donald J. Maskill/Assistant Principal

Pamela Lesperance, Principal



# WEST MIDDLE SCHOOL
## CERTIFICATE OF AWARD
### THIS CERTIFIES THAT

has earned special recognition and is hereby granted this Certificate of

**William Lomaka**
**Block 7B**

## PERFECT ATTENDANCE

In Witness Whereof our signatures are hereto affixed
Given June, nineteen hundred and ninety-seven

Pam Lespefance, Principal

Elizabeth Quail
Counselor



## STATE OF MICHIGAN

*Special Tribute*

*William Lomaka*
*West Middle School*

*This certificate is presented in recognition of your hard work and dedication to the success of the West Middle School Band. You and the other members were invited to participate in the 1998 Spring Music Program and had an opportunity to perform at the beautiful Michigan State Capitol building in Lansing. Through your efforts and achievements, you stand out as a positive role model to others. Your motivation and commitment to the goals of music is truly commendable. I congratulate you and wish you success in all of your future endeavors.*



*Mat Dunaskiss, State Senator*
*The Sixteenth District*
*May 12, 1998*

# WEST MIDDLE SCHOOL

## CERTIFICATE OF AWARD

### THIS CERTIFIES THAT

**WILLIAM LOMAKA**

**6TH GRADE**

has earned special recognition and is hereby granted this Certificate of

## PERFECT ATTENDANCE

In Witness Whereof our signatures are hereto affixed
Given June, nineteen hundred and ninety-seven

Principal

Counselor

# WEST MIDDLE SCHOOL

## THIS CERTIFIES THAT

Will Jomaka

has earned special recognition and is hereby granted this Certificate of Award for

# KINDEST STUDENT

In Witness Whereof our signatures are hereto affixed

Given June, nineteen hundred and ninety-seven.

Mrs. Jeffres Mrs. Conners W. Cofael.

Team 6C Teachers

LAW OFFICES

## POLLARD, ALBERTSON, NYOVICH & HIGDON, P.C.

DENNIS R. POLLARD
WILLIAM G. ALBERTSON
DOUGLASS A. WITTERS
RICHARD E. KROOPNICK
NEIL H. GOODMAN
ROBERT NYOVICH
PATRICK M. HIGDON

38505 WOODWARD AVENUE, SUITE 2300
BLOOMFIELD HILLS, MICHIGAN 48304-5096

Telephone   (248) 258-2850
Facsimile    (248) 258-2851
firm@pollardlaw.com
www.pollardlaw.com

JAMES M. CROWLEY
ANIL L. VANDERLAAN
JOSEPH C. BENNETT
DANA L. ABRAHAMS
KARI SMAY COSTANZA
DEBORAH R. GARCIA-LUNA

OF COUNSEL
JEFFREY T. STEWART

## FAX TRANSMITTAL

TO:            THOMAS M. DEAGOSTINO, ESQ.

FAX NO:        (248) 377-0051

FROM:          JOSEPH C. BENNETT, ESQ.

RE:            ROCHESTER COMMUNITY SCHOOLS / WILLIAM LOMAKA
               OUR CODE:   RCS / Gen

DATE:          October 4, 2002

PAGE:          1 of 3

---

Attached please find a copy of the Administration's proposed Resolution which will be presented to the Board of Education for consideration.

JCB

:lg
attachment

---

SHOULD YOU HAVE ANY PROBLEMS RECEIVING THIS FAX, PLEASE CONTACT
THE SENDER/SENDER'S SECRETARY AT (248) 258-2850.

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, the reader is hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify our office by telephone and return the original message to the sender's attention at the address above via the U.S. Postal Service.

## BOARD OF EDUCATION
## ROCHESTER COMMUNITY SCHOOLS
## RESOLUTION

WHEREAS, the Board of Education for the Rochester Community Schools convened on October 7, 2002 to consider charges that William Lomaka violated Section F-1 of the Code of Responsible Behavior and Student Conduct ("Student Code"), and the Michigan Revised School Code, MCL §380.1311(2), arising out of the alleged possession of a dangerous weapon at Rochester High School on September 24, 2002; specifically, a knife with a blade in excess of three (3) inches;

WHEREAS, on October 7, 2002, the Board of Education received evidence on the record from the Administration regarding the incident on September 24, 2002;

WHEREAS, on October 7, 2002, the Board of Education received the Administration's recommendation of expulsion of William Lomaka, pursuant to MCL §380.1311(2) and Section F-1 of the Student Code;

WHEREAS, the parents of William Lomaka were given due notice of the Board of Education hearing on the charge, and were provided with the opportunity to present witnesses at the hearing, cross-examine administration witnesses, and to be represented by counsel at the hearing, which rights they exercised;

WHEREAS, the Board of Education has determined that the charge against William Lomaka, possession of a dangerous weapon on School premises, contrary to MCL §380.1311(2) and Section F-1 of the Student Code, has been established by evidence presented at the hearing;

WHEREAS, the Board of Education also finds that William Lomaka failed to prove by clear and convincing proof that one of the statutory exceptions to mandatory expulsion – MCL §380.1311(2)(a)-(d) – applied in this matter;

THEREFORE, IT IS RESOLVED that William Lomaka be permanently expelled from the Rochester Community Schools, subject to discretionary readmission following the expiration of 180 school days. During this expulsion period, William Lomaka shall not be permitted in or upon School District property.

AYES      _____

NAYS:      _____

Members Abstaining or Not Present: _____

Dated: October 7, 2002

82725

# FAX TRANSMISSION

### POTTER, DeAGOSTINO, CAMPBELL & O'DEA

2701 CAMBRIDGE CT., STE. 223
AUBURN HILLS, MI 48326
(248) 377-1700
FAX: (248) 377-0051

| | | | |
|---|---|---|---|
| **To:** | Joe Bennett | **Date:** | October 7, 2002 |
| **Fax #:** | 248 258 2851 | **Pages:** | 1,  including this cover sheet. |
| **From:** | Thomas M. DeAgostino | | |
| **Subject:** | Lomaka | | |

COMMENTS:

Joe,

    This fax will serve to confirm our phone conversation of this date wherein you indicated that you will not produce the handwritten notes of the administrations investigation of my client. I am aware that notes were taken of the discussions with Lisa Morgan. I assume similar notes were taken of other interviews. Your proposed resolution indicates I will have an opportunity to "cross-examine administration witnesses". My efforts will substantially impaired by your refusal to provide this essential evidence. If I have misunderstood your position please provide me with written clarification so that I may properly respond. Otherwise I will rely upon the content of this fax in my future dealings in this matter. Thank you for your prompt attention.

Thomas M. DeAgostino

UNLESS OTHERWISE INDICATED OR OBVIOUS FROM THE NATURE OF THE TRANSMITTAL, THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION AND ARE NOT SURE WHETHER IT IS PRIVILEGED, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE AT OUR EXPENSE. THANK YOU.

```
MESSAGE CONFIRMATION

                              10/07/2002  10:52
                              ID=POTTER,DEAGOSTINO


DATE        S,R-TIME   DISTANT STATION ID      MODE     PAGES   RESULT

10/07       00'18"    2482582851               TX       01      OK      0000
```

10/07/2002    10:52    POTTER,DEAGOSTINO → 12482582851                NO.134    D01

# FAX TRANSMISSION

### POTTER, DeAGOSTINO, CAMPBELL & O'DEA
2701 CAMBRIDGE CT., STE. 223
AUBURN HILLS, MI 48326
(248) 377-1700
FAX: (248) 377-0051

| | | | |
|---|---|---|---|
| **To:** | Joe Bennett | **Date:** | October 7, 2002 |
| **Fax #:** | 248 258 2851 | **Pages:** | 1,  including this cover sheet. |
| **From:** | Thomas M. DeAgostino | | |
| **Subject:** | Lomaka | | |

COMMENTS:

Joe,

　　　This fax will serve to confirm our phone conversation of this date wherein you indicated that you will not produce the handwritten notes of the administrations investigation of my client. I am aware that notes were taken of the discussions with Lisa Morgan. I assume similar notes were taken of other interviews. Your proposed resolution indicates I will have an opportunity to

# FAX TRANSMISSION

### POTTER, DeAGOSTINO, CAMPBELL & O'DEA
2701 CAMBRIDGE CT., STE. 223
AUBURN HILLS, MI 48326
(248) 377-1700
FAX: (248) 377-0051

| | | | |
|---|---|---|---|
| **To:** | Joe Bennett | **Date:** | October 7, 2002 |
| **Fax #:** | 248 258-2851 | **Pages:** | 1,  including this cover sheet. |
| **From:** | Thomas M. DeAgostino | | |
| **Subject:** | Lomaka | | |

COMMENTS:

Joe,

     I am in receipt of your letter of today's date regarding production of the notes of the student investigation. While I clearly understand you believe there is no factual development which would ever meet the standard of review in this case, your opinion is not binding nor relevant. While I understand your belief I can not meet my burden during the cross examination of the school administrators and or the students, since school expulsion is recognized as a serious threat to a students future these notes may prove important to an effective cross examination which is essential in a school discipline case. *Newsom v Batavia Local School Dist. 842 F. 2d 920 (1988).* While you and I may disagree as to the importance of this information, your unilateral decision to deny me access to it seriously impairs my ability to adequately prepare to cross examine your witnesses.

Thomas M.DeAgostino

UNLESS OTHERWISE INDICATED OR OBVIOUS FROM THE NATURE OF THE TRANSMITTAL, THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION AND ARE NOT SURE WHETHER IT IS PRIVILEGED, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE AT OUR EXPENSE. THANK YOU.

```
                 MESSAGE CONFIRMATION

                                    10/07/2002  16:41
                                    ID=POTTER,DEAGOSTINO


  DATE        S,R-TIME   DISTANT STATION ID      MODE       PAGES    RESULT

  10/07       00'19"     2482582851              TX         01       OK      0000




10/07/2002   16:40    POTTER,DEAGOSTINO → 12482582851                    NO.137    001
```

# FAX TRANSMISSION

### POTTER, DeAGOSTINO, CAMPBELL & O'DEA
2701 CAMBRIDGE CT., STE. 223
AUBURN HILLS, MI 48326
(248) 377-1700
FAX. (248) 377-0051

| | | | |
|---|---|---|---|
| **To:** | Joe Bennett | **Date:** | October 7, 2002 |
| **Fax #:** | 248 258-2851 | **Pages:** | 1, including this cover sheet. |
| **From:** | Thomas M. DeAgostino | | |
| **Subject:** | Lomaka | | |

COMMENTS:

Joe,

I am in receipt of your letter of today's date regarding production of the notes of the student investigation. While I clearly understand you believe there is no factual development which would ever meet the standard of review in this case, your opinion is not binding nor relevant. While I understand your belief I can not meet my burden during the cross examination of the school administrators and or the students, since school was a business

LAW OFFICES

# POLLARD, ALBERTSON, NYOVICH & HIGDON, P.C.

DENNIS R. POLLARD
WILLIAM G. ALBERTSON
DOUGLASS A. WITTERS
RICHARD E. KROOPNICK
NEIL H. GOODMAN
ROBERT NYOVICH
PATRICK M. HIGDON

38505 WOODWARD AVENUE, SUITE 2300
BLOOMFIELD HILLS, MICHIGAN 48304-5096

Telephone  (248) 258-2850
Facsimile  (248) 258-2851
firm@pollardlaw.com
www.pollardlaw.com

JAMES M. CROWLEY
ANN L. VANDERLAAN
JOSEPH C. BENNETT
DANA L. ABRAHAMS
KARI SHAY COSTANZA
DEBORAH R. GARCIA-LUNA

OF COUNSEL
JEFFREY T. STEWART

October 7, 2002

## VIA FACSIMILE AND U.S. MAIL

8

Mr. Thomas M. DeAgostino, Esq.
Potter, DeAgostino, Campbell & O'Dea
2701 Cambridge Ct., Suite 223
Auburn Hills, MI  48326

Re:     **William Lomaka; Rochester Community Schools**

Dear Mr. DeAgostino:

This letter is in reply to your facsimile transmission of October 7, 2002. Please be advised that it does not accurately reflect our conversation of this morning, in the following respects.

First, with respect to any investigative notes made by the two (2) assistant principals in question, I specifically advised you that I did not know whether same existed. However, I did advise you that regardless of whether they presently exist or not, same would not be produced since the Administration is not relying upon them in its case. The Administration is relying only upon the assistant principals' final reports, and these are what you are entitled to receive from the standpoint of administrative due process.

Second, to the extent that the Administration calls witnesses you will, of course, be entitled to cross-examine such witnesses. With respect to students the Administration does not call as witnesses, please see my correspondence of October 1, 2002, and the cases cited therein.

Third, and finally, I vigorously disagree that any of the foregoing materially affects your ability to represent your client. Since there is no question but that your client possessed a dangerous weapon in school contrary to MCL §380.1311, mandatory permanent expulsion is mandated. Therefore, the entire of burden of proof shifts to your client to prove by clear and

Mr. Thomas M. DeAgostino, Esq.
Potter, DeAgostino, Campbell & O'Dea
October 7, 2002
Page 2

convincing evidence that one of the exceptions apply.  I do not see how this burden of proof can
be met by cross-examining Administration or student witnesses.

Very truly yours,

POLLARD, ALBERTSON,
NYOVICH & HIGDON, P.C.

Joseph C. Bennett

JCB:cah
cc:     Dr. Minnie Phillips, Assistant Superintendent, Instruction
82805

**BOARD OF EDUCATION**
**ROCHESTER COMMUNITY SCHOOLS**
**RESOLUTION**

WHEREAS, the Board of Education for the Rochester Community Schools convened on October 7, 2002 to consider charges that William Lomaka violated Section F-1 of the Code of Responsible Behavior and Student Conduct ("Student Code"), and the Michigan Revised School Code, MCL §380.1311(2), arising out of the alleged possession of a dangerous weapon at Rochester High School on September 24, 2002; specifically, a knife with a blade in excess of three (3) inches;

WHEREAS, on October 7, 2002, the Board of Education received evidence on the record from the Administration regarding the incident on September 24, 2002;

WHEREAS, on October 7, 2002, the Board of Education received the Administration's recommendation of expulsion of William Lomaka, pursuant to MCL §380.1311(2) and Section F-1 of the Student Code;

WHEREAS, the parents of William Lomaka were given due notice of the Board of Education hearing on the charge, and were provided with the opportunity to present witnesses at the hearing, cross-examine administration witnesses, and to be represented by counsel at the hearing, which rights they exercised;

WHEREAS, the Board of Education has determined that the charge against William Lomaka, possession of a dangerous weapon on School premises, contrary to MCL §380.1311(2) and Section F-1 of the Student Code, has been established by evidence presented at the hearing;

WHEREAS, the Board of Education also finds that William Lomaka failed to prove by clear and convincing proof that one of the statutory exceptions to mandatory expulsion -- MCL §380.1311(2)(a)-(d) -- applied in this matter;

THEREFORE, IT IS RESOLVED that William Lomaka be permanently expelled from the Rochester Community Schools, subject to discretionary readmission following the expiration of 180 school days. During this expulsion period, William Lomaka shall not be permitted in or upon School District property.

AYES    $\underline{7}$

NAYS:    $\underline{0}$

Members Abstaining or Not Present: $\underline{0}$

Dated:  October 7, 2002

LAW OFFICES OF

## POTTER, DeAGOSTINO, CAMPBELL & O'DEA

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

STEVEN M. POTTER
THOMAS M. DeAGOSTINO, P.C.
P. KELLY O'DEA
PATRICK T. DUNN
RICK J. PATTERSON
DANIEL E. MORRISROE

2701 CAMBRIDGE COURT, SUITE 223
AUBURN HILLS, MICHIGAN 48326

(248) 377-1700
FAX: (248) 377-0051

TMD@DEAGOSTINOLAW.COM
WWW.DEAGOSTINOLAW.COM

HARBOR SPRINGS OFFICE
8470 M-119
HARBOR SPRINGS, MICHIGAN

OF COUNSEL

RICHARD A. CAMPBELL

October 10, 2002

Mr. Joseph C. Bennett
Pollard, Albertson, Nyovich & Higdon, P.C.
38505 Woodward Ave., Ste. 2300
Bloomfield Hills, MI 48304-5096

Re:     William Lomaka - Rochester Community Schools

Dear Mr. Bennett:

This will serve to confirm our phone conversation of this day wherein you agreed that you would advise the Rochester School Board not to erase or otherwise destroy the audiotape recordings from the Monday, October 7, 2002, special School Board hearing relative to the above captioned individual.

This will further confirm that you have refused to provide duplicate copies of the tapes so that I could obtain a transcript of the hearing prior to any appeal.

If this letter does not conform to our conversation and you have any intent to erase or otherwise destroy the audiotape recordings from that date, please contact me immediately so that I might undertake an effort to obtain a Court Order prior to the destruction of the tapes.

Very truly yours,

POTTER, DeAGOSTINO, CAMPBELL & O'DEA

Thomas M. DeAgostino

TMD/sg
cc:   Dr. John Schultz

# FAX TRANSMISSION

### POTTER, DEAGOSTINO, CAMPBELL & O'DEA

2701 Cambridge Court, Ste. 223
Auburn Hills, MI 48326
(248)377-1700
Fax: (248)377-0051

| | | | |
|---|---|---|---|
| **To:** | Joseph C. Bennett | **Date:** | October 10, 2002 |
| **Fax #:** | (248)258-2851 | **Pages:** | 2,  including this cover sheet. |
| **From:** | Thomas M. DeAgostino | | |
| **Subject:** | William Lomaka - Rochester Community Schools | | |

### ORIGINAL __X__ TO ___NOT TO FOLLOW

## PLEASE NOTIFY US IMMEDIATELY IF NOT RECEIVED PROPERLY.

Additional Message:

Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this facsimile message is attorney privileged and confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication and are not sure whether it is privileged, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service at our expense.  Thank you.

### OUR FAX NUMBER IS:  248/377-0051

# FAX TRANSMISSION

## POTTER, DEAGOSTINO, CAMPBELL & O'DEA

2701 CAMBRIDGE COURT, STE. 223
AUBURN HILLS, MI 48326
(248)377-1700
FAX: (248)377-0051

**To:**   Dr. John Schultz              **Date:**   October 10, 2002

**Fax #:**   (248)726-3105              **Pages:**   2,  including this cover sheet.

**From:**   Thomas M. DeAgostino

**Subject:**   William Lomaka - Rochester Community Schools

### ORIGINAL __X__ TO ___NOT TO FOLLOW

## PLEASE NOTIFY US IMMEDIATELY IF NOT RECEIVED PROPERLY.

**Additional Message:**

Unless otherwise indicated or obvious from the nature of the transmittal, the
information contained in this facsimile message is attorney privileged and
confidential information intended for the use of the individual or entity named
above.  If the reader of this message is not the intended recipient, or the
employee or agent responsible to deliver it to the intended recipient, you are
hereby notified that any dissemination, distribution, or copying of this communi-
cation is strictly prohibited.  If you have received this communication and are
not sure whether it is privileged, please immediately notify us by telephone, and
return the original message to us at the above address via the U.S. Postal
Service at our expense.  Thank you.

### OUR FAX NUMBER IS:  248/377-0051

```
MESSAGE CONFIRMATION

                              10/10/2002  16:16
                              ID=POTTER,DEAGOSTINO


DATE        S,R-TIME   DISTANT STATION ID      MODE      PAGES    RESULT

10/10       00'45"    248 651 5990             TX        02       OK      0000
```

10/10/2002   16:15    POTTER,DEAGOSTINO → 12487263105                    NO.161    001

# FAX TRANSMISSION

## POTTER, DEAGOSTINO, CAMPBELL & O'DEA
2701 CAMBRIDGE COURT, STE. 223
AUBURN HILLS, MI 48326
(248)377-1700
FAX: (248)377-0051

**To:** Dr. John Schultz      **Date:** October 10, 2002

**Fax #:** (248)726-3105      **Pages:** 2, including this cover sheet.

**From:** Thomas M. DeAgostino

**Subject:** William Lomaka - Rochester Community Schools

### ORIGINAL _X_ TO ___NOT TO FOLLOW

**PLEASE NOTIFY US IMMEDIATELY IF NOT RECEIVED PROPERLY.**

Additional Message:

LAW OFFICES

## POLLARD, ALBERTSON, NYOVICH & HIGDON, P.C.

DENNIS R. POLLARD
WILLIAM G. ALBERTSON
DOUGLASS A. WITTERS
RICHARD E. KROOPNICK
NEIL H. GOODMAN
ROBERT NYOVICH
PATRICK M. HIGDON

38505 WOODWARD AVENUE, SUITE 2300
BLOOMFIELD HILLS, MICHIGAN 48304-5096

Telephone   (248) 258-2850
Facsimile   (248) 258-2851
firm@pollardlaw.com
www.pollardlaw.com

JAMES M. CROWLEY
ANN L. VANDERLAAN
JOSEPH C. BENNETT
DANA L. ABRAHAMS
KARI SHAY COSTANZA
DEBORAH R. GARCIA-LUNA

OF COUNSEL
JEFFREY T. STEWART

October 11, 2002

*Via Facsimile and U.S. Mail*

Mr. Thomas M. DeAgostino, Esq.
Potter, DeAgostino, Campbell & O'Dea
2701 Cambridge Ct., Suite 223
Auburn Hills, MI  48326

Re:    **William Lomaka; Rochester Community Schools**

Dear Mr. DeAgostino:

This letter is in reply to your correspondence of October 10, 2002.  Please be advised that it does not accurately reflect our conversation of that date.

As I advised you in our telephone conversation, under the Open Meetings Act, the official record of the special meeting regarding your client on October 7, 2002 will be the minutes prepared by the secretary to the Board as adopted by the Board.  MCL § 15.269.  The audio tape of the meeting is used solely to assist the secretary in preparing the minutes.  It is not an official record of the proceedings, and normally the tapes are not maintained once the minutes are prepared.  The sound quality of such tapes is usually poor, speakers are not always identifiable, and there is no guarantee that everything which was said is completely and audibly recorded on such tapes.  That is why any "transcription" of the tapes would not necessarily be an accurate indication of what actually was said at the meeting or by whom.

These are the reasons why I declined to reproduce the tape or tapes at your request.  However, I do agree not to erase or destroy them.

Mr. Thomas M. DeAgostino, Esq.
Potter, DeAgostino, Campbell & O'Dea
October 11, 2002
Page 2

As I also advised you in our conversation, I am entitled to notice and the opportunity to be heard in conjunction with any attempt to obtain preliminary injunctive or other relief under MCR § 3.310. This law firm will be representing the School District should your client seek any judicial relief in this matter, and our client has authorized us to accept service of same on its behalf.

Very truly yours,

POLLARD, ALBERTSON,
NYOVICH & HIGDON, P.C.

Joseph C. Bennett

JCB:smp
82885